# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT

# OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 24 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**PAULA FISHER,**
Plaintiff,

v.

**STEWART TITLE COMPANY** and
**STEWART TITLE GUARANTY COMPANY,**
Defendants.

Case No.: **1:25-cv-01001-VMC-JEM**

## NOTICE OF FILING UNILATERAL RULE 26(F) DISCOVERY PLAN AND

## MOTION TO ADOPT SCHEDULING ORDER

*Stewart Title Guaranty Company is currently in default as of April 11, 2025.*

*This filing pertains to Stewart Title Company, the remaining active Defendant.*

Plaintiff Paula Fisher respectfully submits this **Notice of Filing of Unilateral Rule 26(f) Discovery Plan and Proposed Scheduling Order** pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2.

Plaintiff made a good faith effort to confer with counsel for Defendant Stewart Title Company regarding the Rule 26(f) conference but received no response.

1

Due to the pending motion to dismiss, absence of a Court-issued scheduling order, and the possibility of partial resolution via the magistrate judge's Report and Recommendation, Plaintiff reasonably believed discovery might be delayed or stayed. However, because no stay has been entered and the case remains active on the docket, Plaintiff now submits this unilateral Rule 26(f) plan to ensure full compliance with Fed. R. Civ. P. 26(f) and Local Rule 16.2.

A copy of the proposed discovery plan is included below. Plaintiff respectfully requests that the Court consider entering a scheduling order based on the terms proposed.

## I. NATURE OF THE CASE

This is a federal civil action involving fraud, negligent supervision, and quiet title claims arising out of a void real estate transaction. Plaintiff alleges that Stewart Title Company (STC), as parent and supervising entity over Stewart Title Guaranty Company (STGC), failed to follow federally required title verification and entity validation procedures mandated by ALTA Best Practices and related standards. Plaintiff does not bring this action under any title insurance policy. Rather, Plaintiff was a directly harmed party to the underlying transaction itself, as Stewart Title Company failed in its independent legal and industry duties to

2

verify the legitimacy of the grantee, prevent the conveyance of title to a non-existent LLC, and ensure compliance with governing laws and underwriting protocols.

## II. PLAINTIFF'S RULE 26(f) DISCOVERY PLAN

### Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.2

Plaintiff Paula Fisher submits this draft Joint Preliminary Report and Discovery Plan in anticipation of the Rule 26(f) conference with Defendant Stewart Title Company, as required by Fed. R. Civ. P. 26 and Local Rule 16.2.

**Note:** *Stewart Title Guaranty Company remains in default.* The Court has not adopted the pending Report and Recommendation to set aside that default. Accordingly, this plan pertains solely to Stewart Title Company and will be amended if the Court later reinstates STGC.[1]

## 1. Description of Case

---

[1] *Plaintiff delayed submission of the Rule 26(f) plan briefly due to the pending dispositive motion and uncertainty as to whether the case would proceed past the pleading stage. Once it became clear that no stay was entered and the Court had not yet ruled, Plaintiff promptly finalized and submitted this plan in good faith.*

3

**(a) Nature of the Action**

This case arises from a real estate transaction in which a deed was recorded naming a fictitious LLC buyer, resulting in the clouding of Plaintiff's title. Plaintiff[2] alleges that Stewart Title Company, as the policy-setting parent company for the "Stewart family of companies," failed to ensure compliance with ALTA Best Practices, state and federal closing regulations, and legal entity verification protocols.

The claims are **not** based on any title insurance policy. Instead, they arise from Stewart Title Company's systemic failure to implement and enforce procedures that would have prevented a non-existent entity from acquiring title to Plaintiff's property. Plaintiff alleges that the corporate structure, compliance systems, and closing supervision flowed from Stewart Title Company to its subsidiaries and affiliated underwriters.

**(b) Essential Factual Elements**

- The grantee LLC did not legally exist at the time of the transaction;
- The grantee LLC was not even registered as a foreign entity authorized to conduct, purchase, or sell real estate in the State of Georgia.

4

- No sufficient documentation of the entity's existence was submitted, reviewed, or approved by a **licensed title officer**;
- Stewart Title Company established, supervised, or approved closing procedures that were followed by Stewart Title Guaranty Company and affiliated parties;
- **The deed was void ab initio** because it was executed in favor of a non-existent grantee entity that lacked legal capacity to take title, and the transaction violated basic legal requirements under Georgia law, which mandates that a grantee in a deed must be a legally existing and identifiable entity. *See* **OCGA § 14-2-1501(a)** (foreign entities may not transact business in Georgia without proper registration). Stewart Title Company, acting as the compliance authority over its affiliated entities, enabled the transaction and bears responsibility.
- These failures raise serious concerns as to whether state regulators, licensing agencies, or insurance departments were misled or materially uninformed about how STC operated and authorized its subsidiaries.

**(c) Legal Issues to Be Tried**

- Whether Stewart Title Company **implemented**, exercised direct or indirect oversight and control over the closing procedures that led to the **unlawful recordation** of a void deed;

- Whether Stewart Title Company had an independent duty to ensure that ALTA Best Practices, legal entity verification requirements, and applicable laws were enforced throughout its network of affiliates and underwriters;

- Whether Stewart Title Company implemented and approved corporate policies and compliance protocols that governed the conduct of Stewart Title Guaranty Company and any affiliated underwriting agents;

- Whether those internal policies were legally deficient or negligently applied, and whether Stewart Title Company knowingly permitted practices that enabled fraudulent or unlawful closings;

- Whether Stewart Title Guaranty Company and the underwriter(s) acted pursuant to Stewart Title Company's supervision, compliance standards, or delegated authority;

- Whether the "Stewart family of companies," as referenced by in-house legal counsel for Stewart Title Company, reflects an integrated enterprise subject to common control for purposes of liability;

- **Whether Stewart Title Company was required to obtain licenses, regulatory approvals, and operational authority from government**

6

**agencies to lawfully conduct title insurance transactions, and whether such authority was extended, delegated, or improperly exercised by Stewart Title Guaranty Company or affiliated entities;**

- **Whether Stewart Title Company's compliance obligations under state law, insurance regulations, or licensing frameworks included verifying the legitimacy of subsidiary underwriting operations or auditing their adherence to ALTA and statutory standards;**

- Whether Plaintiff is entitled to quiet title, cancellation of void or fraudulent instruments, damages, and other equitable relief based on Defendants' collective failure to enforce lawful and industry-compliant transaction standards;

## 2. Discovery Timing

**(a) Discovery shall commence:**

Upon conclusion of the Rule 26(f) conference and entry of a scheduling order by the Court.

**(b) Discovery period should close:**

Plaintiff proposes a 4-month discovery window ending **November 15, 2025**, to allow for expedited depositions and immediate production of internal corporate

7

policies, entity verification procedures, and documents showing Stewart Title Company's control over affiliated entities. Plaintiff is prepared to begin discovery promptly and opposes further delay, especially given the clear need to obtain sworn testimony regarding corporate structure, oversight authority, and compliance failures involving the "Stewart family of companies."

**(c) Initial Disclosures:**

To be exchanged by **July 25, 2025**, unless otherwise agreed.

## 3. Scope of Discovery

Plaintiff intends to pursue discovery into all internal procedures, oversight structures, and compliance documents used by Stewart Title Company to govern the conduct of affiliated entities, including Stewart Title Guaranty Company and any underwriters involved in the subject transaction. Discovery will target:

- Corporate hierarchy and decision-making protocols, including internal communications that define Stewart Title Company's role as parent and policy-setter for its affiliated companies;

8

- All **ALTA Best Practices** compliance manuals, closing checklists, underwriting standards, and training materials issued, approved, or distributed by Stewart Title Company;
- Communications and internal memoranda referencing **ALTA, RESPA, state escrow standards**, or any other regulatory or industry standards related to closing practices, buyer verification, and document review protocols;
- Internal documents showing how Stewart Title Company adopted and enforced procedures from national authorities such as the **American Land Title Association, Escrow Institute of America**, or comparable organizations;
- Entity verification requirements, fraud prevention protocols, and documentation review processes used by Stewart Title Company or required to be used by its affiliates;
- All communications between Stewart Title Company and Stewart Title Guaranty Company related to policy approval, compliance audits, or post-transaction reporting;
- Any reports, audits, compliance alerts, or internal investigations involving breakdowns in procedure or deviations from published standards;

- **All state or federal licenses, registrations, applications, certifications, and approvals obtained by Stewart Title Company to conduct title transactions, underwriting, or escrow services in Georgia or nationwide, including filings with departments of insurance or regulatory agencies;**
- **All internal or external documents showing how Stewart Title Company delegated or extended legal authority to Stewart Title Guaranty Company or other subsidiaries to operate as underwriters or participate in closings;**
- **Any compliance communications, licensing disclosures, or regulatory submissions by Stewart Title Company or its officers relating to the creation, authorization, or oversight of affiliated title entities.**
- **Whether any government or licensing body was misled or denied material information regarding Stewart Title Guaranty Company's qualifications or scope of operations.**

Plaintiff asserts that this discovery may implicate serious issues of **regulatory noncompliance, licensure fraud, or failure to disclose corporate control to oversight bodies**, and reserves the right to refer any such findings to appropriate state or federal authorities.

Plaintiff will also seek:

10

- A **Rule 30(b)(6) deposition** of Stewart Title Company regarding corporate control, policy enforcement, ALTA integration, and the role of Stewart Title Guaranty Company;
- Immediate production of all policies and procedures **in force at the time of the transaction**, including identification of officers responsible for compliance oversight and regulatory submissions.

## 4. Electronic Discovery

The parties will produce ESI in PDF or native format. Any disputes over metadata or production format will be addressed through good-faith meet and confer.

## 5. Privilege and Confidentiality

The parties agree to comply with Rule 26(b)(5). Plaintiff may challenge improper assertions of privilege, particularly if used to shield factual compliance breakdowns or training deficiencies.

## 6. Protective Orders

If either party believes a protective order is necessary, they will cooperate in submitting a proposed version to the Court.

## 7. Settlement

Plaintiff remains open to early resolution following disclosure of documents relating to corporate control and compliance procedures. However, discovery is essential to establish the full extent of Stewart Title Company's regulatory obligations, delegation of authority, and possible concealment of operational failures across its affiliated entities.

**Plaintiff has formally demanded a jury trial and fully intends to present this matter for verdict if Defendants are unwilling to accept responsibility.** Given the systemic issues, potential regulatory violations, and the nature of the harm caused, Plaintiff believes a jury — and possibly government authorities — should evaluate Stewart Title Company's conduct. Early settlement will only be considered if there is **full disclosure** and a meaningful effort to correct the record.

## 8. Proposed Deadlines

(Subject to modification pending conference)

- Motion to amend pleadings: August 30, 2025
- Close of discovery: November 15, 2025
- Summary judgment motions due: December 15, 2025

## 9. Additional Matters

- Stewart Title Guaranty Company remains in default.
- Plaintiff intends to obtain, **under oath,** confirmation of the parent-company structure and all documents governing how Stewart Title Company directed or authorized affiliated companies and agents.
- Plaintiff reserves the right to seek sanctions or discovery expansion if material is withheld or policy information is concealed.
- Plaintiff reserves the right to report any discovered violations of licensure, corporate delegation, or regulatory disclosure requirements to appropriate state or federal agencies, including departments of insurance, title licensing boards, consumer protection regulators or any other regulatory body and/or government agency.

## III. CONCLUSION

Plaintiff respectfully requests that the Court adopt the terms of the proposed discovery plan below as the Scheduling Order in this case pursuant to Fed. R. Civ. P. 16 and Local Rule 16.2, given Defendant Stewart Title Company's failure to participate despite Plaintiff's good faith efforts.

**Respectfully submitted,**

/s/ Paula Fisher

Paula Fisher

1275 US Hwy 1 Suite 2114

Vero Beach, FL 32960

Paula10000@yahoo.com

**Pro Se Plaintiff**

Dated: July 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2025, I served a copy of **Notice of Filing of Unilateral Rule 26(f) Discovery Plan**, via **US Mail** to:

**Monica K. Gilroy**

**The Gilroy Firm**

1145 Hightower Trail

Atlanta, GA 30350

Attorney for Defendants Stewart Title Company.

**CLERK'S OFFICE COVER SHEET**
**U.S. District Court – Northern District of Georgia**
**Atlanta Division**

**TO:**
Clerk of Court Rm 2211
U.S. District Court – Northern District of Georgia
Richard B. Russell Federal Building and U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303

**FROM:**
**Paula Fisher**
1275 US Hwy 1, Suite 2114
Vero Beach, FL 32960
Phone: (760) 473-1645
**Pro Se Plaintiff**

**CASE INFORMATION:**
**Case Title:** Paula Fisher v. Stewart Title Company
**Case Number:** 1:25-cv-01001-VMC-JEM
**Presiding Judge:** Hon. Victoria M. Calvert
**Magistrate Judge:** Hon. J. Elizabeth McBath

**Please file the below into the case:**

**NOTICE OF FILING UNILATERAL RULE 26(F) DISCOVERY PLAN AND MOTION TO ADOPT SCHEDULING ORDER**

**DATE OF SUBMISSION:** July 22, 2025
**SIGNATURE:**

**Paula Fisher**





Reusable Envelope
Recycle me.

ORIGIN ID:FMYA (760) 473-1645
PAULA FISHER
1275 US HIGHWAY 1
SUITE 2114
VERO BEACH, FL 32960
UNITED STATES US

SHIP DATE: 23JUL25
ACTWGT: 0.15 LB
CAD: 6571296/ROSA2650

TO U.S DISTRICT COURT —
RICHARD B. RUSSELL FEDERAL BUILDING
75 TED TURNER DR SW
CLERK OF COURT ROOM 2211
ATLANTA GA 30303
(000) 000-0000

TRK# 8830 0719 3470

THU - 24 JUL 5:00P
STANDARD OVERNIGHT

XG QFEA

30303
GA-US ATL

Align bottom of peel-and-stick airbill or pouch here.