IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAULA FISHER,

     Plaintiff,

v.

STEWART TITLE GUARANTY
COMPANY and STEWART TITLE
COMPANY,

     Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-01001-VMC-JEM

UNITED STATES MAGISTRATE JUDGE'S ORDER AND
NON-FINAL REPORT AND RECOMMENDATION

Several motions are pending before the Court. The recommended disposition of those motions is outlined herein.

I.    INTRODUCTION

    A.    Procedural History

Plaintiff, proceeding pro se, initiated this action by filing a Complaint against Defendants on February 25, 2025. (Doc. 1.) On March 21, 2025, Defendant Stewart Title Company ("STC") moved to dismiss the Complaint. (Doc. 9.) On April 4, 2025, Plaintiff moved for the Clerk's entry of default against Defendant Stewart Title Guaranty Company ("STGC"), (Doc. 13), which was entered on April 11, 2025, (Doc. 14). Upon this Court's recommendation, (Doc. 22), the District Judge set aside the default, (Doc. 43). On May 14, 2025, the Court struck Plaintiff's Complaint as an impermissible shotgun pleading and ordered her to

file a more definite complaint within 14 days. (*See* Dkt.) Plaintiff timely complied with that Order and filed her First Amended Complaint ("FAC") on May 28, 2025. (Doc. 25.) From there, the docket becomes muddled.

On June 6, 2025, Plaintiff filed a motion for leave to file a second amended complaint ("SAC"). (Doc. 27.) She filed her proposed SAC ("PSAC") in a separate entry. (Doc. 28.) On June 9, 2025, STC moved to dismiss Plaintiff's FAC. (Doc. 26.) On June 11, 2025, STGC also moved to dismiss Plaintiff's FAC. (Doc. 30.) Plaintiff did not oppose either motion. (*See* Dkt.) On June 20, 2025, STGC responded in opposition to Plaintiff's motion for leave to file a SAC. (Doc. 31.) On June 23, 2025, STC moved to dismiss the PSAC, (Doc. 32), which the Court construes as a response in opposition to Plaintiff's motion to file a SAC. Plaintiff opposed that motion on July 7, 2025. (Doc. 38.) Plaintiff replied in support of her motion for leave to file a SAC on July 8, 2025. (Doc. 39.) With briefing complete, the motions are ripe for review.

B.    **Factual Background**

Plaintiff alleges that she sold her property at 305 Eagles Pass in Alpharetta, Georgia to an LLC that, she later discovered, did not legally exist. (FAC ¶¶ 10, 14.) STGC issued a title insurance policy to the fictitious LLC, which allowed the transaction to proceed and title to transfer. (FAC ¶ 11.) STC either participated in, supervised, or exercised operational oversight over the closing transaction and failed to ensure that the buyer LLC was a legally registered entity. (FAC ¶ 12.) After the transaction, the buyer LLC failed to make required loan payments, leading to foreclosure. (FAC ¶ 13.) As a result, Plaintiff lost her home, equity,

and credit standing. (*Id.*) When Plaintiff discovered that the buyer LLC was fictitious, she contacted "Stewart Title" to reverse the transaction or correct the title, but "Stewart Title" failed to act. (FAC ¶ 14.)

## II.   DISCUSSION

Because a SAC would moot Defendants' motions to dismiss the FAC, the Court first must determine whether to grant Plaintiff leave to file a SAC.

### A.   Motion for Leave to File SAC

Under Federal Rule of Civil Procedure 15, a party may amend its pleading with the court's leave, and "'[t]he court should freely give leave when justice so requires.'" *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(2)); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989) ("Rule 15(a) severely restricts the district court's freedom, directing that leave to amend shall be freely given when justice so requires."). "Nonetheless, the Court may deny leave to amend for a variety of reasons[,] including undue delay, bad faith, undue prejudice to the [d]efendant, a repeated failure to cure deficiencies by amendments previously allowed, or futility." *Cline v. Advanced Neuromodulation Sys., Inc.*, 921 F. Supp. 2d 1374, 1377 (N.D. Ga. 2012) (citing *Foman*, 371 U.S. at 182; *Hall v. United States Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999))).

In her motion, Plaintiff asserts that her SAC includes the same claims from her FAC, adds a new claim for Quiet Title under O.C.G.A. § 23-3-40 *et seq.*, and adds "clarifying factual allegations regarding service and the known nonexistence of the grantee LLC." (Doc. 27 at 2.) STGC responds that the PSAC contains the same deficiencies as her FAC, so allowing the amendment would be futile. (Doc. 31-1 at 1.)

Upon review of Plaintiff's PSAC, the Court finds that, like the original complaint, it fails to establish subject matter jurisdiction. In the PSAC, Plaintiff alleges that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). (PSAC ¶ 8.) For diversity jurisdiction to exist, "the matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs," and all parties must be completely diverse from each other. 28 U.S.C. § 1332(a); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999); *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("[T]he citizenship of every plaintiff must be diverse from the citizenship of every defendant."). A plaintiff who invokes diversity jurisdiction "has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). To do so, the plaintiff must affirmatively allege facts in her complaint showing that both the amount in controversy and the diversity of citizenship prongs are satisfied. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (The party invoking diversity jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement.") (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20

(11th Cir. 2001) ("A [plaintiff's] conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet [her] burden."); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. . . . Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.") (internal citations omitted).

The Court already advised Plaintiff of these requirements in its prior Order. (Doc. 22 at 8-9.) In her PSAC, however, Plaintiff alleges that she is a "resident" of Florida. (PSAC ¶ 10.) As the Court previously explained, (Doc. 22 at 8), "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (cited with approval by *Travaglio*, 735 F.3d at 1268). She also alleges that "the amount in controversy exceeds $75,000," (PSAC ¶ 8), and that she is seeking $750,000 in damages "based on the home's fair market value of $1,700,000, [her] lost equity, the fraudulent transfer to a non-existent LLC, wrongful foreclosure, financial harm, and reputational damage," (*id.* at 21), but she does not allege any facts to support these alleged amounts. As a result, Plaintiff's motion for leave to file a SAC, (Doc. 27), is **DENIED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **STRIKE** the SAC, (Doc. 28), from the docket. STC's Motion to Dismiss the SAC, (Doc. 32), is **DENIED AS MOOT**.

**B.    Plaintiff's FAC**

The Court must next determine whether the FAC complies with the Court's previous Order. In that Order, the Court found that Plaintiff had failed to establish subject matter jurisdiction and that Plaintiff's original complaint was a shotgun pleading. (Doc. 22.) The Court therefore ordered Plaintiff to remedy those defects with a repleaded complaint. (*Id.*) The Court finds that Plaintiff has done so. First, Plaintiff properly established subject matter jurisdiction in her FAC. She alleges that she is a citizen of Florida, that STGC is a Texas corporation with its principal place of business in Houston, Texas, and that STC is a Texas entity with its principal place of business in Houston, Texas. (FAC ¶¶ 2-3.) She also alleges that the amount in controversy exceeds $75,000 because she lost more than $750,000 in equity and sales proceeds as a result of the events alleged in this lawsuit. (*Id.* ¶ 10.) Second, the FAC includes a brief factual background; Plaintiff alleges her facts in concise, numbered paragraphs; she clearly identifies each cause of action in separate counts and the party against which each count is asserted; and she alleges the facts under each count that she believes support that count. (*See* FAC.) Because Plaintiff alleged facts to establish subject matter jurisdiction and because the FAC is not a shotgun pleading, the Court now must determine whether the FAC survives Defendants' motions to dismiss.

**C.    STC's Motion to Dismiss the FAC**

STC moves to dismiss Plaintiff's FAC in its entirety under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 26-1.)

Under Rule 12(b)(6), the Court is authorized to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The pleading standard required under Rule 8(a)(2) is liberal, requiring only notice pleading—a short and plain statement that gives the defendant fair notice of what the claim is, and the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(a)(2). However, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While this pleading standard does not require "detailed factual allegations," it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a pleading is so vague or ambiguous that the responding party cannot reasonably prepare a response, the Court is authorized under Rule 12(b)(6) to dismiss a complaint for failure to state a claim. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

STC, without any citation to legal authority or the FAC, argues that the FAC is deficient for two reasons. First, it argues that it was mistakenly named as a defendant in this lawsuit. (Doc. 26-1 at 1-5.) To support this argument, STC asserts that (i) STC and STGC are two distinct entities; (ii) Plaintiff combines them into one defendant and alleges actions against "Stewart Title"; (iii) Plaintiff fails to allege the existence or nature of any relationship with STC; (iv) none of the documents attached to the FAC indicate that STC was involved in any

transaction with Plaintiff; and (v) Plaintiff fails to identify any dispute with STC. (*Id.*) This argument ignores Plaintiff's allegations that, while STGC issued the title insurance policy at issue, (i) "[b]oth Defendants engaged in joint conduct regarding the transaction . . . and are jointly responsible for the resulting harm," (FAC ¶ 9); (ii) STC "either participated in, supervised, or exercised operational oversight over the closing transaction and failed to ensure that the buyer was a legally registered entity," (FAC ¶ 12); and (iii) "STC had the ability to verify the legitimacy of parties involved or to intervene in the issuance of the policy, and it failed to do so," (*id.*). Additionally, in Counts I and III, asserted against both STC and STGC, Plaintiff acknowledges the separate nature of the two entities and alleges that they both are responsible for the purported wrongdoing. (*See, e.g.*, FAC ¶¶ 25, 28, 44.) And in Count IV, asserted against STC only, the allegations are against STC only. (FAC ¶¶ 53-58.) Plaintiff does not assert any count against "Stewart Title." (*See* FAC at 8-18.)

Second, STC argues that Plaintiff has presented "no evidence" indicating that it should be held responsible for the wrongdoing alleged in the FAC, and it quarrels with the truth of the allegations in the FAC. (Doc. 29-1 at 6-8.) These arguments ignore the legal standards applied to complaints upon a motion to dismiss. That is, at the motion to dismiss stage, a plaintiff is not required to prove her allegations through evidence, and courts must take all well-pleaded factual allegations as true. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam) ("The allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs.") (citation omitted);

8

*Hollywood Cmty. Synagogue, Inc. v. City of Hollywood*, 430 F. Supp. 2d 1296, 1326 (S.D. Fla. 2006) ("Plaintiff need not provide clear and convincing evidence to survive a Motion to Dismiss, but need only allege a short and plain statement of its claim.") (citing Fed. R. Civ. P. 8); *Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1364 (N.D. Ga. 2018) (denying motion to dismiss and noting that "whether Plaintiffs can come forward with sufficient evidence to prove up this claim is another matter").

Accordingly, the Court **RECOMMENDS** that the motion, (Doc. 26), be **DENIED**.

### D.    STGC's Motion to Dismiss the FAC

STGC moves to dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 30 at 1.)

The Court previously found that Plaintiff did not properly serve STGC with process, (Doc. 22 at 10), and Plaintiff has not cured that deficiency to date, (*see* Dkt.). Because STGC has not been properly served, this Court does not have personal jurisdiction over it. Fed. R. Civ. P. 12(b)(2); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999) (In the absence of service of process, or a defendant's waiver of service, a court cannot exercise power over that defendant.); *Omni Cap.*

*Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied") (citing *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) ("service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served")). As a result, the Court lacks the authority to decide the merits of STGC's motion to dismiss Plaintiff's FAC. *Imperato v. Hartford Ins. Co.*, No. 14-80323-Civ-Ryskamp/Hopkins, 2014 U.S. Dist. LEXIS 205028, at *4-5 (S.D. Fla. Aug. 18, 2014) ("[B]ecause Defendant has not been properly served, this Court is without jurisdiction to rule on Defendant's pending Motion to Dismiss or other related motions.") (citing *Royal Caribbean Cruises, Ltd. v. Jackson*, 2013 U.S. Dist. LEXIS 16710, 2013 WL 496060, *4, n.4 (S.D. Fla. Feb. 7, 2013) ("Because process is quashed, the Court does not have jurisdiction to reach the motions to dismiss for lack of personal jurisdiction or for failure to state a cause of action.")).

Plaintiff had 90 days from the date her original complaint was filed – until May 26, 2025 – to serve STGC with process. Fed. R. Civ. P. 4(m). Although Rule 4(m) requires that service be completed within 90 days, "[t]he time period imposed by Rule 4(m) was not meant to be enforced harshly or inflexibly." *Greenway v. Hyundai Capitol Am.*, No. 1:20-CV-3761-LMM-JSA, 2021 WL 2557204, at *1 (N.D. Ga. Jan. 11, 2021). "The rule was intended to be a useful tool for docket management, not an instrument of oppression." *Id.* (internal quotations omitted). "After expiration of the 90-day time limit, Rule 4(m) provides two

methods by which a plaintiff may avoid dismissal of the complaint: through a showing of 'good cause' or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause." *Id. See also* Fed. R. Civ. P 4(m) (providing in part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Here, given Plaintiff's pro se status, the Court finds that Plaintiff's deadline to complete service should be extended. *Greenway*, 2021 WL 2557204, at * 2; *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause).

Accordingly, Plaintiff is **ORDERED** to perfect service of process on STGC in accordance with Rule 4 and to file proof of completed service with the Court on or before **August 28, 2025**. Plaintiff is **ADVISED** that failure to comply with this Order shall result in a recommendation that this matter be dismissed as to STGC. Further, STGC's Motion to Dismiss the FAC, (Doc. 30), is **DENIED AS MOOT WITHOUT PREJUDICE** to STGC resubmitting its motion to dismiss the FAC, as justified, upon Plaintiff perfecting service of process upon STGC.

## III.    CONCLUSION

For the foregoing reasons, the Court enters this Order:

- Plaintiff's Motion for Leave to File SAC, (Doc. 27), is **DENIED WITHOUT PREJUDICE**;

- The SAC, (Doc. 28), is **STRICKEN**;

- STC's Motion to Dismiss the SAC, (Doc. 32), is **DENIED AS MOOT**;

- Plaintiff is **ORDERED** to perfect service of process on STGC in accordance with Rule 4 and to file proof of completed service with the Court on or before **August 28, 2025**; and

- STGC's Motion to Dismiss the FAC, (Doc. 30), is **DENIED AS MOOT WITHOUT PREJUDICE** to STGC resubmitting the motion, as justified, upon Plaintiff perfecting service of process upon STGC.

Additionally, the Court **RECOMMENDS** that STC's Motion to Dismiss the FAC, (Doc. 26), be **DENIED**.

**SO ORDERED and RECOMMENDED** July 31, 2025.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE