# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 0 4 2026

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

PAULA FISHER,

Plaintiff,

v.                                        **Civil Action No. 1:25-cv-01001**

STEWART TITLE COMPANY, et al.,

Defendants.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT TO ADD
## STEWART INFORMATION SERVICES CORPORATION "SISCO"

Plaintiff Paula Fisher, pro se, respectfully moves for leave to file a Second

Amended Complaint adding Stewart Information Services Corporation ("SISCO")

as a Defendant.[1]  This motion is supported by good cause under Fed. R. Civ. P.

16(b)(4) and by Fed. R. Civ. P. 15(a)(2) because the proposed amendment will

---

[1] Plaintiff previously docketed a proposed second amended complaint that was later marked moot and never became operative; therefore the First Amended Complaint remains operative and Plaintiff seeks leave for a Second Amended Complaint now.

promote resolution on the merits and will not unfairly prejudice the existing Defendants.

## I. INTRODUCTION

This case concerns a defective chain of title arising from a Georgia real-estate transaction handled within the Stewart enterprise. For more than a year, Plaintiff sought a curative path through Stewart Title Company ("STC") and Stewart Title Guaranty Company ("STGC"), but Plaintiff has repeatedly been redirected among entities without a cure. Discovery disputes and recent corporate testimony have clarified that the issues are not limited to isolated local conduct; they implicate enterprise-level systems, underwriting/verification processes, and platform governance—particularly the Virtual Underwriter ecosystem that Stewart publicly associates with SISCO and its affiliates.

Plaintiff seeks leave to add SISCO so the Court can address the enterprise-level control issues on a complete record through appropriate discovery and determine liability on the merits.

## II. PROCEDURAL BACKGROUND AND TIMELINESS

1. In Plaintiff's draft Joint Preliminary Report ("JPR"), Plaintiff expressly reserved the right to amend if discovery revealed additional entities and specifically identified SISCO as a potential party. (Ex. 1)

2. Defendants later filed a JPR listing anticipated amendments as "N/A," despite Plaintiff's prior written reservation and identification of SISCO. (Ex.2)

3. The parties' email chain confirms Defendants had Plaintiff's JPR draft and were coordinating edits for a joint filing. (Ex. 3)

4. On January 26, 2026, Plaintiff deposed Stewart Title Company's designated Rule 30(b)(6) witness, **Sean O'Callaghan (Chief Litigation Counsel, Stewart Legal Services)**. His testimony materially clarified the record regarding Virtual Underwriter governance and confirmed the existence and function of underwriting personnel, which bears directly on the enterprise-level control issues Defendants have disputed in discovery.

5. The certified transcript has been ordered and is expected shortly; Plaintiff will file excerpts when available and/or incorporate them into the proposed Second Amended Complaint. (Ex. 4)

Plaintiff is moving promptly based on the testimony obtained and the clarified basis for adding SISCO.

## III. GOVERNING LEGAL STANDARD

Because this motion is filed after the scheduling/JPR framework's amendment window, Plaintiff must first show good cause under Rule 16(b)(4)—i.e., that Plaintiff acted diligently and could not reasonably meet the deadline despite diligence.

If good cause is shown, Rule 15(a)(2) applies, and the Court should "freely give leave when justice so requires," absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility.

## IV. ARGUMENT

### A. Good cause exists under Rule 16(b)(4)

### 1. Plaintiff preserved amendment rights early and put SISCO on the record.

Plaintiff raised enterprise-level/systemic compliance issues at the outset of this case. On October 28, 2025, during the parties' Rule 26(f) conference, Plaintiff stated she intended to pursue discovery concerning "systematic industry wide compliance," and she memorialized that position in writing immediately afterward.

4

(Ex. 5) This contemporaneous record supports diligence under Rule 16(b)(4) and rebuts any suggestion that Plaintiff's effort to add SISCO is a late-arising tactic.

As set forth in Section II and Exhibits 1–3, Plaintiff preserved amendment rights early, expressly identified SISCO, and Defendants' filed JPR nevertheless reflected 'N/A' as to amendments.

## 2. The factual basis for adding SISCO was clarified through discovery disputes and recent corporate testimony.

The need to add SISCO became more acute as Defendants continued to deflect enterprise-level responsibility while resisting discovery aimed at clarifying Virtual Underwriter governance, underwriting/verification processes, and the identity of underwriting personnel. Plaintiff pursued discovery diligently, yet Defendants' written responses repeatedly relied on objections and disclaimers that responsive information was "not relevant," "not in our possession/custody/control," or attributable to a third party including repeated redirection to the third-party closing office with which STGC maintains a contractual relationship. This pattern prevented Plaintiff from obtaining clear enterprise-level testimony or identifying the responsible custodians through ordinary discovery channels. Relatedly, during the January 26, 2026 deposition, **counsel for both STC and STGC repeatedly objected** to questioning concerning Virtual Underwriter and underwriting

verification on relevance and scope grounds, underscoring the need for enterprise-level clarity.[2]

Most importantly, Plaintiff obtained materially clarifying testimony at the January 26, 2026 deposition of STC's Rule 30(b)(6) witness, Sean O'Callaghan, which bears directly on these enterprise-level issues—confirming that live Georgia underwriters exist and that Virtual Underwriter operates as a tool within the underwriting process. That clarification supports good cause to add SISCO so discovery can proceed against the entity plausibly tied to enterprise-level platform governance and compliance routing.

## 3. Stewart's public Virtual Underwriter materials support a good-faith basis to add SISCO.

Stewart's own Virtual Underwriter Terms of Use describe the agreement and site environment in a manner that links Virtual Underwriter to SISCO and its affiliates, supporting Plaintiff's good-faith basis that SISCO is a relevant enterprise-level

---

[2] **Plaintiff will promptly file excerpts from the January 26, 2026 deposition upon receipt of the certified transcript.**

actor tied to the platform and governance issues implicated by Plaintiff's claims.

(Ex. 6)

## 4. Stewart's Virtual Underwriter Privacy Notice links the site environment to SISCO (or its affiliates) and states the platform is used to "prevent transactional fraud."

Stewart's own VirtualUnderwriter.com Privacy Notice provides that, by visiting and using the Virtual Underwriter website, the user is visiting and using "websites, web pages and services **operated by Stewart Information Services Corporation** or its affiliates," i.e., "Stewart Sites." (Ex. 7 Privacy Notice at p. 1).

The same Privacy Notice states that Stewart uses personal information to "process your requests, purchases, transactions, and payments and **prevent transactional fraud."** (Privacy Notice at Ex. 8 at p. 7).

These admissions matter for Rule 16 diligence and Rule 15 plausibility because they directly connect (i) the Virtual Underwriter / Stewart Sites environment to SISCO (or its affiliates), and (ii) **the platform's described purpose to transaction processing and fraud prevention**—which is squarely relevant where Plaintiff's claims arise from an allegedly defective/void transaction and resulting title-chain defect. Given Defendants' recurring positions minimizing enterprise-level responsibility while resisting discovery on Virtual Underwriter governance and underwriting/verification functions, Plaintiff has a good-faith basis to add

7

SISCO now so discovery can be taken from the enterprise-level entity publicly tied to the platform and its anti-fraud transaction processing functions.

**B. Leave should be granted under Rule 15(a)(2)**

1. No undue delay or bad faith.

Plaintiff identified SISCO early and is moving now based on clarified information developed through discovery disputes and recent corporate testimony.

2. No undue prejudice to Defendants.

Adding SISCO will not unfairly prejudice existing Defendants. The proposed claims arise from the same transaction and the same nucleus of operative facts. Discovery is ongoing, and amendment at this stage will promote efficient resolution by placing the enterprise-level entity directly at issue, reducing motion practice over who controls or governs the implicated systems and processes.

3. Amendment is not futile.

Plaintiff's proposed Second Amended Complaint plausibly alleges SISCO's involvement in systems, governance, compliance, and/or operational oversight relevant to Plaintiff's claims, including the Virtual Underwriter ecosystem Stewart publicly links to SISCO and its affiliates.

## C. Plaintiff's SISCO outreach was narrowly tailored and non-discovery in nature

Plaintiff exercised extreme caution before seeking to add SISCO and did not

name SISCO in the original complaint despite longstanding indicators that

enterprise-level systems were implicated. After the January 26, 2026

corporate deposition clarified those enterprise-level issues, Plaintiff provided

SISCO a good-faith, **meaningful opportunity to coordinate a curative path.**

Plaintiff's written request sought only (i) designation of a single enterprise-

level point of contact and (ii) a yes/no confirmation whether SISCO would

coordinate a practical cure, and it expressly disclaimed any request for

discovery or privileged communications. (Ex. 9) As of the date of this filing,

Plaintiff has received no substantive response. This record supports

amendment so the Court may address enterprise-level issues through orderly

discovery on a complete record.

## V. CERTIFICATE OF CONFERENCE (L.R. 7.1A(2))

Pursuant to Local Rule 7.1A(2), on January 26, 2026, Plaintiff conferred by

email with counsel for Defendants regarding Plaintiff's intent to seek leave to

amend to add SISCO and requested Defendants' position. As of the filing of this

motion, Defendants have not stated a position. (Ex. 10).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave

to file the Second Amended Complaint adding Stewart Information Services

Corporation as a Defendant.

**Dated: February 3, 2026**

Respectfully submitted,

/s/ Paula Fisher

Paula Fisher, Pro Se

## EXHIBIT LIST

Exhibit 1 — Plaintiff's Draft Joint Preliminary Report (JPR) reserving amendment rights and identifying SISCO

Exhibit 2 — Defendants' Filed JPR listing amendments as "N/A"

Exhibit 3 — JPR Email Chain confirming Defendants received Plaintiff's draft and coordinated edits

Exhibit 4 — Deposition transcript order/receipt (Sean O'Callaghan 30(b)(6))

Exhibit 5 — October 28, 2025 Rule 26(f) conference memorialization email ("systematic industry wide compliance")

Exhibit 6 — Virtual Underwriter Terms of Use

Exhibit 7 — Virtual Underwriter Privacy Notice page 1

Exhibit 8 — Virtual Underwriter Privacy Notice page 7

Exhibit 9 — Plaintiff's SISCO outreach letter

Exhibit 10 — January 26, 2026 meet-and-confer email to defense counsel requesting position on leave motion

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2026, I served a true and correct

copy of the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND

AMENDED COMPLAINT TO ADD STEWART INFORMATION SERVICES

CORPORATION and all attached exhibits on counsel of record for the current

parties by FedEx addressed as follows:

**Amanda D. Proctor and Dylan Magruder**

Carlton Fields

1230 Peachtree Street NE Suite 900

Atlanta, GA 30309

**Monica K. Gilroy**

The Gilroy Firm

1145 Hightower Trail

Atlanta, GA 30350


Respectfully submitted,

/s/ Paula Fisher

Paula Fisher, Plaintiff

Exhibit 1 — Plaintiff's Draft Joint Preliminary Report (JPR) reserving

amendment rights and identifying SISCO

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes        X  No

**All Parties are in agreement Jurisdiction is Proper.**

**5. Parties to This Action**

(a) The following persons are necessary parties who have not been joined:

**Plaintiffs Position:**

**None.** All necessary parties have been joined. Stewart Title Company and Stewart Title Guaranty Company are the proper defendants responsible for the verification and closing procedures central to this action.

(b) The following persons are improperly joined as parties:

**Plaintiffs Position:**

**None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action, or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(Rev.  03/01/11)                    APP.B - 13

a. List separately any amendments to the pleadings that the parties anticipate will be necessary:



**Plaintiff** does not presently anticipate further amendments but expressly reserves the right to amend the pleadings as permitted under Federal Rule of Civil Procedure 15 and Local Rule 15 if discovery reveals additional facts, entities, parent corporations, or regulatory participants relevant to the claims. In particular, Plaintiff may seek to supplement the pleadings to address newly discovered evidence concerning corporate compliance systems, verification processes, or related entities involved in the disputed transaction. This includes, without limitation, SISCO (Stewart Information Services Corporation) or other corporate entities exerting operational or supervisory control over the named defendants.



b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
b. *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

c. *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B; and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

## 9. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The parties agreed** that this case will proceed on a four-month discovery track, consistent with Local Rule 26.2A. The discovery period shall commence thirty (30) days after the appearance of the first defendant by answer to the complaint.

**Plaintiffs Position:** Discovery will focus on the verification, closing, and recording procedures utilized by Stewart Title Company and Stewart Title Guaranty Company, including their use of proprietary and patented verification systems developed under their parent company's (SISCO) technology framework. Plaintiff anticipates discovery will encompass electronically stored information, internal correspondence, corporate-governance materials, and testimony of corporate representatives, as well as seasoned title officers and compliance professionals across national title companies, to establish the prevailing industry-standard verification and compliance protocols.

Given the institutional reach of the Stewart Title network, Plaintiff anticipates discovery will extend to inter-company communications and governance documents reflecting oversight of state-level operations.

(Rev.  03/01/11)                    APP.B - 16

Exhibit 2 — Defendants' Filed JPR listing amendments as "N/A"

(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

## 6.     Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings that the parties anticipate will be necessary:  **N/A**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.     Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

5

(c) Counsel do (_X_) or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____.

(d) The following specific problems have created a hindrance to settlement of this case.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day_____, of 2025.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 5th day of November, 2025.

**CARLTON FIELDS, P.A.**



*/s/ Amanda D. Proctor*
Amanda D. Proctor
Georgia Bar No. 776848
Dylan Magruder
Georgia Bar No. 810717
1230 Peachtree Street, N.E., Suite 900
Atlanta, Georgia 30309
(404) 815-3400
(404) 815-3415 (fax)
aproctor@carltonfields.com
dmagruder@carltonfields.com

***Attorneys for Stewart Title Guaranty Company***

9

142299194.4

## THE GILROY FIRM

*/s/ Monica K. Gilroy*
Monica K. Gilroy
Georgia Bar No. 427520
1145 Hightower Trail
Atlanta, Georgia 30350
(678) 280-1922
(678) 280-1923 (fax)
mkg@gilroyfirm.com

*Attorney for Defendant Stewart Title Company*

10

142299194.4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAULA FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:25-cv-1001-VMC-JEM |
| | ) | |
| | ) | |
| STEWART TITLE GUARANTY CO., | ) | |
| STEWART TITLE CO., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## [Proposed] SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and

Discovery Plan form completed and filed by Defendants, the Court orders that the

time limits for adding parties, amending the pleadings, filing motions, completing

discovery, and discussing settlement are as set out in the Federal Rules of Civil

Procedure and the Local Rules of this Court.

IT IS SO ORDERED, this _____ day of _____, 2025.


_____
UNITED STATES DISTRICT JUDGE

Exhibit 3 — JPR Email Chain confirming Defendants received Plaintiff's

draft and coordinated edits

| **Subject** | Joint Preliminary Report and Discovery Plan – Plaintiff's Draft for Review |
| **From** | paula fisher <paula10000@yahoo.com> |
| **To:** | Amanda D. Proctor <aproctor@carltonfields.com>, Monica Gilroy <monica.gilroy@gilroyfirm.com> |
| **Bcc:** | paula fisher <paula10000@yahoo.com> |
| **Date** | Oct 30, 2025 at 11:49 AM |

Good afternoon, Monica and Mandy,



Attached is my draft of the Joint Preliminary Report and Discovery Plan following our Rule 26(f) conference. If you disagree with any portion, please note your respective positions directly beneath mine in the Defendant's section so both views are reflected accurately for the Court.

Please send any edits or comments by Sunday early afternoon, so I can review and circulate the final version Monday morning for signatures and file by FedEx ahead of the November 5 deadline.

You mentioned maintaining open dialogue during our call. I'm open to any meaningful and good-faith discussions your clients wish to have as this case moves forward—feel free to reach out. That said, I intend to proceed efficiently, with full discovery and transparency in accordance with the Court's directives.

Thank you, Paula



1 Attachment

Joint preliminary report.pdf

Exhibit 4 — Deposition transcript order/receipt (Sean O'Callaghan 30(b)(6))

**Subject**   PLEASE ADVISE // Funds Needed to Start
              Transcript Order for the Deposition of Sean
              O'Callaghan // Fisher vs Stewart Title
              Company // 1-26-26 // NDT 93428

**From**      Melissa Spencer <Melissa@Naegeliusa.com>

**To:**       eaglespass@yahoo.com
              <eaglespass@yahoo.com>

**Date**      Jan 26 at 6:22 PM



| Naegeli Deposition and Trial 111 SW Fifth Avenue, Suite 2020 Portland, OR 97204 Phone: 800-528-3335 Fax: 503-227-7123 | **PLEASE ADVISE** |

| Job No: 93428 |
| --- |
| Job Date: 1/26/2026 |

| Case Name: Fisher vs Stewart Title Company |
| --- |
| Witness(es): Sean O'Callaghan |

Good afternoon Ms. Fisher,

Thank you for inquiring about the transcript for the
deposition of Sean O'Callaghan taken today January 26,
2026.  We do not modify the transcript once it has been
produced.  Once Mr. O'Callaghan reviews and makes any
changes, we will notate the file accordingly, but we do not
alter the transcript.

The court reporter who was present for the deposition of
Sean O'Callaghan also advised us that you are paying for
the original transcript of the deposition as well as the court
reporters appearance fee.  Since the transcript is not
complete at this time, I am unable to give you an exact
dollar amount. The following is an **ESTIMATE** and is subject
to adjustment once the final page counts are obtained.

For the court reporters appearance fee there is a

balance of $276.00 owed. We require payment for the transcript in advance of starting the transcript. The transcript cost is $7.45 per page for our **STANDARD** delivery of 10 business days from the date we receive payment. A typical transcript is **APPROXIMATELY** 75 pages per hour of testimony taken. Based on this formula, we **ESTIMATE** the cost due to being **APPROXIMATELY** $2528.00 once finalized for the transcript of Sean O'Callaghan in our standard turnaround time.    The **APPROXIMATE** total amount due for the appearance fee and the original deposition transcript is $ 2804.00.

We will re-evaluate the funds collected to see if additional funds are necessary before delivery.

For your convenience, Naegeli accepts payments on our website. You can visit our website, https://www.naegeliusa.com/make-a-payment, to pay by credit card if you would like us to process this transcript order. I want to reassure you that there is no additional processing fee for this service.

It is our privilege to serve you!



**Melissa Spencer I Assistant Director of Transcript and Media**
**NAEGELI Deposition and Trial**
Melissa@NaegeliUSA.com I NaegeliUSA.com
**NATIONAL** (800) 528-3335
*Celebrating 45 Years of Excellence!*

SCHEDULE 7 DAYS A WEEK

    

CONFIDENTIALITY NOTICE: This electronic mail message and any attachments are confidential and intended only for the addressee. If you are not the intended recipient or believe you have received this message in error,

please notify the sender immediately by email reply or telephone. Any disclosure, copying, further distribution or any action taken in reliance upon this transmission without the express permission of the sender is strictly prohibited.

Exhibit 5 — October 28, 2025 Rule 26(f) conference memorialization email

("systematic industry wide compliance")



**Subject**   Rule 26(f) Conference Summary – Fisher v. Stewart Title Company

**From**   paula fisher <paula10000@yahoo.com>

**To:**   Amanda D. Proctor <aproctor@carltonfields.com>, Dylan Magruder <dmagruder@carltonfields.com>, Monica Gilroy <monica.gilroy@gilroyfirm.com>

**Date**   Oct 28, 2025 at 12:08 PM

Hello Ladies,

Thank you for your time on today's Rule 26(f) conference held pursuant to the Court's October 22, 2025 Order.

This email is to confirm our discussion for the record:

1. The parties conducted the required Rule 26(f) planning conference and discussed all required subjects, including the scope of discovery, preservation, timing of initial disclosures, potential depositions, and scheduling for completion of the Joint Preliminary Report and Discovery Plan, consistent with the Court's Order.

2. We agreed that initial disclosures will be exchanged on or before November 5, consistent with the Court's directive.

3. I will circulate a draft Joint Preliminary Report and Discovery Plan reflecting today's discussion so we can finalize and file it within the time set by the Court. I will have it over to you by Friday.



4. We discussed discovery and I noted that I intend to pursue full discovery on systematic industry wide compliance.

5. You indicated that you would like to keep lines of communication open as the case proceeds. I'm available to communicate as needed on scheduling, procedural matters, and the discovery process. As I stated on the call, my current position is that I am proceeding toward full discovery at this time.

Thank you,

Paula

Exhibit 6 — Virtual Underwriter Terms of Use





# Agreement Between You (Referred to as The "User" or "You") and Stewart Information Services Corporation and its Affiliates (Referred to as "Stewart")

This web site and any web sites, web pages, and services also operated by Stewart that are linked ("Stewart Sites") is offered to User on the condition that User accepts and agrees to abide by, without modification, all of the terms, conditions, and notices contained herein (collectively "Terms of Use") and any other terms and guidelines, if any, contained within each Stewart Site. If You do not or can not agree with any part of the Terms of Use, You may not use or access the Stewart Site. User's use of any Stewart Site constitutes User's acceptance of, and agreement to, all such terms, conditions, and notices. In the event that any of the terms, conditions, and notices contained herein conflict with the Terms of Use or such other terms and guidelines contained within any particular Stewart Site, then the terms of use and other terms and guidelines for such other Stewart Site shall control. User agrees to review all other terms and guidelines found throughout the Stewart Sites and abide by them if User chooses to use the sites, pages, or services to which they apply.

In order to set up the User account and verify the User's identity, Stewart may send emails to the email address or text messages to the phone number that You have provided to us in connection with the use of Virtual Underwriter. Stewart considers these to be transactional emails and text messages made under an existing business relationship for the provision of the information on Virtual Underwriter, and you understand and agree to these transactional messages in order to establish Your account or to verify Your identity.

## Ownership and Use Limitations

All information, data, text, software, music, sound, photographs, graphics, video, messages, or other material ("Content") presented to You on the Stewart Sites is owned by Stewart and various third parties. Nothing contained on the Stewart Sites grants User, by implication, estoppel, or otherwise, any license or right to use any of the Content without the written permission of Stewart or such other party that may own the Content. Any use of any of the marks appearing throughout the Stewart Sites without the express written consent of

Exhibit 7 — Virtual Underwriter Privacy Notice page 1



**stewart**
**Virtual Underwriter**

# Please Read This Privacy Notice Carefully.



# By Visiting And Using This Website And Any Websites, Web Pages And Services <u>Operated By Stewart Information Services Corporation</u> Or Its Affiliates ("Stewart," "We" Or "Us") That Are Linked ("Stewart Sites"), You Are Agreeing To This Privacy Policy.

Your use of and access to the Stewart Sites is expressly conditioned on your acceptance of the following terms and conditions. If you do not or cannot agree with any part of the following terms and conditions, you may not use or access the Stewart Sites. Please note that this privacy policy only applies to the information that we collect via the Stewart Sites.

## Company Policy

The privacy of your non-public personal information is important to us. We use safeguards to protect your privacy and confidentiality. This policy discusses information we collect and the manner in which it is used. We reserve the right, at any time, to add to, change, update or modify our privacy policy simply by posting such change, update or modification on the Stewart Sites. Any such change, update or modification will be effective immediately upon posting on the Stewart Sites.

protected by reCAPTCHA
reCAPTCHA is changing its terms of
service. Take action

Privacy - Terms

## Security

We use good-faith efforts to maintain physical, electronic and procedural safeguards to guard your non-public personal information. However, while we strive to protect your personal information, we do not ensure or warrant the security of any information you transmit to us, and you do so at your own risk.

## Information Collection

Exhibit 8 — Virtual Underwriter Privacy Notice page 7

Stewart may use or disclose the personal information we collect for one or more of the following purposes:

- To fulfill or meet the reason for which the information is provided.
- To provide, support, personalize, and develop our website, products, and services.
- To create, maintain, customize, and secure your account with Stewart.
- To process your requests, purchases, transactions, and payments and prevent transactional fraud.
- To prevent and/or process claims.
- To assist third party vendors/service providers who complete transactions or perform services on Stewart's behalf. As necessary or appropriate to protect the rights, property or safety of Stewart, our customers or others.
- To provide you with support and to respond to your inquiries, including to investigate and address your concerns and monitor and improve our responses.
- To personalize your website experience and to deliver content and product and service offerings relevant to your interests, including targeted offers and ads through our website, third-party sites, and via email or text message (with your consent, where required by law).
- To help maintain the safety, security, and integrity of our website, products and services, databases and other technology assets, and business.
- To respond to law enforcement or regulator requests as required by applicable law, court order, or governmental regulations.
- Auditing for compliance with federal and state laws, rules and regulations.
- Performing services including maintaining or servicing accounts, providing customer service, processing or fulfilling orders and transactions, verifying customer information, processing payments, providing advertising or marketing services or other similar services.
- To evaluate or conduct a merger, divestiture, restructuring, reorganization, dissolution, or other sale or transfer of some or all of our assets, whether as a going concern or as part of bankruptcy, liquidation, or similar proceeding, in which personal information held by us is among the assets transferred.

Stewart will not collect additional categories of personal information or use the personal information we collected for materially different, unrelated, or incompatible purposes without providing you notice.

Exhibit 9 — Plaintiff's SISCO outreach letter

Paula Fisher
8805 Tamiami Trail N #260
Naples, Florida 34108

**January 27, 2026**

Via Fed Ex

Stewart Information Services Corporation
**Attn: Mary Thomas, Deputy Chief Compliance Officer**
1360 Post Oak Blvd. **Ste. 100, MC #14-1**
Houston, TX 77056

**Re: 305 Eagles Pass Alpharetta, Georgia 30004 ~ Request for Curative Action / Title Chain Defect – Georgia Property**

Dear Ms. Thomas:

I write to request that Stewart Information Services Corporation ("SISCO") designate an enterprise-level point of contact to coordinate a practical cure for a defective chain of title arising from a Georgia real estate transaction handled within the Stewart enterprise.

For more than a year, I have sought a cure through Stewart Title Company ("STC") and Stewart Title Guaranty Company ("STGC"), but I have been repeatedly redirected between entities without any practical curative path forward. For clarity, I am currently a plaintiff in pending federal litigation in the Northern District of Georgia involving STC and STGC concerning the same underlying transaction. This letter is sent solely to request (i) a practical curative path and (ii) a designated operational point of contact within SISCO.

SISCO's involvement is requested based on the Stewart enterprise's public-facing Virtual Underwriter materials, which describe Virtual Underwriter/Stewart Sites as operated by "Stewart Information Services Corporation or its affiliates," and which suggest the existence of enterprise-level stakeholders capable of coordinating a cure.

Because this matter is time-sensitive, please respond within five (5) days and confirm whether SISCO is willing to coordinate an enterprise-level curative plan.

If SISCO declines to assist, please confirm that decision in writing so I may take appropriate steps to protect my interests.

This letter is sent in good faith, solely for business resolution and to give Stewart Information Services Corporation a meaningful opportunity to coordinate a practical cure. *It is **not a request for discovery, does not seek privileged communications, and is not intended to litigate any other matter.***

Because the Stewart subsidiaries /entities are represented in pending litigation, and because this letter is being transmitted through **SISCO's Counsel**, this communication is not intended to address the litigation and seeks only: (i) designation of an appropriate operational point of contact within SISCO and (ii) confirmation whether SISCO will coordinate a curative process (**yes/no**). This letter does not request substantive information, admissions, or privileged materials.


Respectfully,

/s/ Paula Fisher

Paula Fisher
(239) 989-8801
Paula10000@yahoo.com


Attachments:

A. Core proof of defect (certificate of Buyer's nonexistence)



# State of Florida

## Department of State

I certify that the records of this office do not disclose a limited liability company by the name of CATALYST REI LLC active or dissolved.



Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capital, this the
Twenty-first day of January, 2026

*Cord Byrd*

*Secretary of State*

CR2E022 (01-11)

Exhibit 10 — January 26, 2026 meet-and-confer email to defense counsel

requesting position on leave motion

**Subject**  Re: Fisher v. STGC et al. -motion for leave to amend to add Stewart Information Services Corporation "SISCO"

**From**  paula fisher <eaglespass@yahoo.com>

**To:**  Magruder, Dylan <DMagruder@carltonfields.com>, paula10000@yahoo.com <paula10000@yahoo.com>, paula fisher <eaglespass@yahoo.com>

**Cc:**  Proctor, Amanda D. <AProctor@carltonfields.com>, Monica Gilroy <monica.gilroy@gilroyfirm.com>

**Date**  Jan 26 at 6:12 PM

Good evening Counsel,

I will be filing a motion for leave to amend to add Stewart Information Services Corporation "SISCO".

Please advise whether Defendants oppose, so I can comply with the Scheduling Order and state your position in the motion.

Thank you,
Paula Fisher

Show trimmed content ∨

Paula Fisher

8805 Tamiami Trail N, #260

Naples, Florida 34108

239-989-8801

**February 3, 2026**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB ᵁ 4 2026

KEVIN P WEIMER, Clerk
By: 
Matthew H Deputy Clerk

Clerk of Court

United States District Court

Northern District of Georgia — Atlanta Division

Richard B. Russell Federal Building

75 Ted Turner Drive, SW **Room 2211**

Atlanta, GA 30303

Re: Fisher v. Stewart Title Company, et al.

Civil Action No. 1:25-cv-01001 (Atlanta Division) ‑ v M C

Dear Clerk of Court:

Please file the enclosed document in the above-referenced action:

1. PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
   TO ADD STEWART INFORMATION SERVICES CORPORATION ("SISCO") (with
   exhibits).

I am filing pro se. Please docket this submission .

Thank you for your assistance,

Paula Fisher

Plaintiff, pro se

TO REUSE: Mark through all previous shipping labels and barcodes.



ORIGIN ID:FMYA  (239) 989-8801
PAULA FISHER

8805 TAMIAMI TRAIL NORTH
SUITE 280
NAPLES, FL 34108
UNITED STATES US

SHIP DATE: 03FEB26
ACTWGT: 0.95 LB
CAD: 6571296/ACSA2710

TO  **US DISTRICT COURT**
  **FEDERAL BUILDING**
  **75 TED TURNER DRIVE SOUTHWEST**
  **CLERK OF COURT ROOM 2211**
  **ATLANTA GA 30303**
(000) 000-0000



**FedEx**
Express

**E**

**WED — 04 FEB 5:00P**
**STANDARD OVERNIGHT**

TRK# 8884 5038 3331
0201

**XG QFEA**

30303
GA-US  **ATL**



# Reusable Enve

## Recycle me.

Align bottom of peel-and-stick airbill or pouch here.