IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PAULA FISHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO. 1:25-cv-1001-VMC-JEM |
| | ) | |
| STEWART TITLE GUARANTY CO., | ) | |
| STEWART TITLE CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT STEWART TITLE COMPANY'S  RESPONSE TO PLAINTIFF'S RULE 56(D) DECLARATION**

Defendant Stewart Title Company ("STC") files this Response in response to Plaintiff's Rule 56(d) Declaration [136] ("Declaration"). As stated in  Fed. R. Civ. P. 56(d), the Affidavit of Declaration is used if a nonmovant "cannot present facts essential to justify its opposition."  However, the information sought by Plaintiff Paula Fisher ("Ms. Fisher"), as outlined in the Declaration, is irrelevant to the crux of this matter and she fails to identify specific facts that additional discovery would reveal that could affect a ruling.  Therefore, Ms. Fisher's Rule 56(d) request should be denied and this Court should rule on STC's Motion for Summary Judgment ("Motion").

143822727.1

A.  **Ms. Fisher Does Not Provide Information on How the Sought-After Discovery Would Affect the Ruling on the Motion for Summary Judgment**

Under Fed. R. Civ. P. 56(d), a nonmovant must state specific facts that they are trying to obtain and how those facts are essential to opposing the summary judgment motion.  Ms. Fisher fails to state how the requested discovery would preclude summary judgment on the issues presented.

Ms. Fisher states that STC's Motion for Summary Judgment ("Motion") relies on the "alleged absence of evidence concerning STC's role, control, involvement, communications, systems access, custodianship, and enterprise relationship to the transaction at issue".  This is a true statement, because there is actual absence of evidence to rely on to support any "relationship to the transaction at issue".  The "transaction at issue" is the contract and sale of property owned by Ms. Fisher, and the underwriting and issuance of a title policy by Stewart Title Guaranty Company ("STGC") to which Ms. Fisher was not a party (the "Transaction").  As shown by the Motion and supporting Statement of Material Facts, from the inception of this case, STC had no part, no role, no control, no involvement, no responsibilities, nor any relationship with the Transaction.  No amount of discovery would produce such evidence. Ms. Fisher's imagined role that STC played in the Transaction is not supported by the evidence, and she cannot continue her "fishing expedition", in an attempt to find something that isn't there.  Further discovery will not reveal any

2

contractual relationship or legal duty between Ms. Fisher and STC. Further discovery will not produce any evidence that STC was involved in the closing of the sale of the property by Ms. Fisher. Further discovery will not produce any evidence that STC was involved in confirming the legal status of the buyer in the sale of the property by Ms. Fisher. Further discovery will not produce any evidence that STC was involved in the underwriting and issuance of any title insurance policy related to the sale of the property by Ms. Fisher. Further discovery will not produce any evidence that STC supervised STGC's underwriting and issuance of the title insurance policy. Further discovery will not produce any evidence that STC was in control of the actions or inactions of STGC (which is parent company to STC). Further discovery will only seek to harass STC and its employees.

Moreover, Ms. Fisher fails to explain how said sought-after discovery would create a genuine issue of material fact. STC's Motion sets out that there was no involvement in any way of STC with the Transaction. Further STC's Motion explains the relationship between STC and STGC and in no way does STC have any supervisory control over STGC's operations. Additionally, if STC did, in any way, have any control over STGC's operations (which it does not), this Court's recommendation that the claims against STGC be dismissed, likewise require the dismissal of any claims against STC. However, STC's Motion does not hinge on

3

whether STGC is dismissed, because the facts central to this case support a ruling in STC's favor.

Accordingly, the Court should deny Ms. Fisher's Rule 56(d) request and grant STC's Motion for Summary Judgment .

**B. The Discovery Outlined in the Declaration Is Irrelevant or Futile**

The discovery that is outlined by Ms. Fisher in the Declaration would in no way change the outcome of this case and would not preclude summary judgment in favor of STC on the issues central to this case.  The record is already sufficient to allow a ruling in favor of STC.  The key facts to this case have already been established:  1) STGC was the underwriter and issuer of the title policy for the Transaction  – STC was in no way involved in the Transaction; 2)  Ms. Fisher did not purchase a title policy; 3) STGC issued a title policy to the purchaser of the property – STC did not issue a title policy.  This is the crux of this case.  The factual basis for the Motion filed by STC is whether STC was involved in the Transaction and whether Ms. Fisher could even make a claim under said policy (if STC had been involved).  There is no further discovery outlined in the Declaration that would bring further clarification to these facts.

In the Declaration, Ms. Fisher references discovery needed regarding other Stewart Title family entities, in her attempt to raise issues that have nothing to do with the crux of the case at hand.  Ms. Fisher is attempting to locate any evidence to

4

support her false belief that STC has operational control or supervision of STGC, which has been shown to be untrue. The affiliations between the Stewart Title entities listed in the Declaration are irrelevant because Ms. Fisher has no standing to bring this action against STC, as they were not involved in the Transaction. Rule 56(d) does not authorize discovery to find out any beneficial information because of hypothetical situations that Ms. Fisher has imagined.

### C. Ms. Fisher Has NOT Been Diligent

Rule 56(d) relief is inappropriate where the nonmovant has not diligently pursued the information sought in the discovery. Ms. Fisher states in her Declaration that she has sought discovery regarding Virtual Underwriter, Stewart Connect, STGC and Stewart Information Services Corporation ("SISCO"), and their relationship to STC. The information sought is irrelevant to STC's lack of involvement in the Transaction, and as further shown below, Ms. Fisher's first hand knowledge of these relationships, and her failure to disclose this information, is bad faith conduct as it reflects a strategic concealment of the information required to be disclosed and resulted in further, unnecessary expansion of the litigation.

Ms. Fisher recently filed a supplement to her Rule 26(a) disclosures [130] in which she **for the first time** discloses that she has over two decades of experience in the title insurance, settlement, and residential real estate closing industry, including prior work as an employee within the "Stewart Title Enterprise." She

5

states that she has "firsthand experience in Stewart-related workflows personally encountered…" She also states "[a]ny reference to industry practices or standards is limited to those personally observed and applied by Plaintiff during her own work with in Stewart-related transactions." Ms. Fisher asserted early on in this case at the Rule 26(f) conference that she intended to pursue discovery concerning "systematic industry wide compliance," and later attempted to amend her complaint to add in SISCO as a defendant in this lawsuit based on evidence discovered in a deposition for the 30(b)(6) witness for STC. However, as Ms. Fisher states in her supplemental disclosure, she has personal knowledge of "the use of underwriting resources, approval processes, Virtual Underwriter, Stewart Connect, and system-supported workflows in Stewart-related transactions." At STC's 30(b)(6) deposition, issues were raised regarding Virtual Underwriter. Ms. Fisher continues to push on the Virtual Underwriter issue, pursuing non-existent information that Virtual Underwriter might have regarding the Transaction, despite being told by STC that Virtual Underwriter is merely a website that houses reference materials that underwriters can use to assist them in underwriting their transactions.

Ms. Fisher's delays in raising issues regarding SISCO and Virtual Underwriter are egregious and not timely based on her personal knowledge of the companies. As stated by this Court in its Report and Recommendation "Plaintiff makes several statements in her motion which belie her representation of diligence." The Report

6

goes on to state that "Plaintiff was aware of SISCO and the purported basis to name SISCO as a defendant before she initiated this lawsuit…"

Ms. Fisher's failure to disclose relevant knowledge she had regarding her relationship with the Stewart companies, was improper and she has not diligently pursued the alleged connections she believes are relevant with SISCO or Virtual Underwriter, which she was aware of from the beginning of the filing of this lawsuit.

## **CONCLUSION**

The discovery information described in Ms. Fisher's Declaration is irrelevant to the crux of this matter and further expansion of discovery would not change the facts that STC had no connection to the Transaction and is only named to this action because of its corporate relationship with STGC.  Ms. Fisher  is unable to identify specific facts that additional discovery would reveal that could affect the ruling of this Court.  Therefore, Ms. Fisher's Rule 56(d) request should be denied and this Court should grant STC's Motion for Summary Judgment ("Motion").

143822727.1

Respectfully submitted this 21st day of May, 2026.

**THE GILROY FIRM**

*/s/ Monica K. Gilroy*

Monica K. Gilroy

Georgia Bar No. 427520

100 North Point Center E, Suite 125

Alpharetta, GA  30022

(678) 280-1922

(678) 280-1923 (fax)

mkg@gilroyfirm.com

***Attorney for Defendant Stewart Title Company***

**FONT CERTIFICATION**

The undersigned counsel for Defendant Stewart Title Company certifies that the within and foregoing pleading was prepared using Times New Roman 14-point font in accordance with LR 5.1C (N.D. Ga.)

/s/ Monica K. Gilroy

Monica K. Gilroy

Georgia Bar No. 427520

8

143822727.1

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This is to also certify that I have this day served the within and foregoing by electronic mail as follows:

Paula Fisher
8805 Tamiami Trail North, #260
Naples, Florida  34108
paula10000@yahoo.com

Dated this 21st day of May, 2026.

/s/Monica K. Gilroy
Monica K. Gilroy
Georgia Bar No. 427520
100 North Point Center E, Suite 125
Alpharetta, GA  30022
(678) 280-1922
(678) 280-1923 (fax)
mkg@gilroyfirm.com

**Attorney for Defendant Stewart Title Company**

9

143822727.1